UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AUDRAIN JONES, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-886 DRL-MGG |
| MICHELLE FLOYD *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Audrain Jones, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Jones alleges that, on March 2, 2007, he was subjected to an unlawful search and seizure, falsely arrested, coerced into making a confession, denied counsel, and forced to provide a DNA sample. He was charged and convicted, and he remains incarcerated.

To the extent that Mr. Jones may be seeking release from prison, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Though this court expresses no

opinion on whether Mr. Jones should file a habeas petition, to the extent he is seeking relief only available through a habeas petition, he needs to file a habeas petition in a separate case.

To the extent that Mr. Jones is seeking monetary damages, "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck*, 512 U.S. at 487.). Mr. Jones is challenging the legality of the search, seizure, arrest, and forced confession that led to his conviction. For most (if not all)[1] of Mr. Jones' claims, a verdict in his favor would imply his conviction is unlawful, yet no verdict in this case could result in his release, thereby resulting in a continued increase in the number of days of illegal confinement with a concomitant increase in monetary damages. Such a result would be anomalous, particularly in light of the possibility that a parallel habeas corpus proceeding could concurrently find his confinement lawful. It is just that possibility of a parallel proceeding that *Heck* was intended to guard against. *See McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019). In short, Mr. Jones' claim for monetary damages is not yet ripe. Thus, the court will dismiss this claim without prejudice to Mr. Jones' right to refile it if he is able to have his conviction overturned in a separate proceeding.

---

[1] To the extent that any claim raised by Mr. Jones do not necessarily imply the invalidity of his conviction or sentence, Indiana's two-year limitations period applies. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Mr. Jones' allegations concern events occurring on March 2, 2007, yet the complaint was not filed until November 16, 2021. Thus, any claims not barred by *Heck* would be barred by the statute of limitations.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

March 7, 2022                                  *s/ Damon R. Leichty*
                                               Judge, United States District Court